PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NOAH GLADDING

                        Petitioner,                                23-CV-6421-CJS
                                                                        05-CR-6166-CJS
            -v-                                                        **ORDER**

UNITED STATES OF AMERICA,

                        Respondent.
_____

        Noah Gladding has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (the "petition").  ECF No.  306.[1]  Because the petition on its face appeared untimely, the Court ordered Gladding ordered to show cause why it should not be dismissed under 28 U.S.C. § 2255(f).  ECF No. 307; *see generally Acosta v. Artuz*, 221 F.3d 117, 121, 124-25 (2d Cir. 2000).  Gladding timely filed a response. ECF No. 308.  For the reasons below, the petition is dismissed as untimely.

## DISCUSSION

        When a prisoner in federal custody files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, a one-year period of limitations applies.  28 U.S.C. § 2255(f).  The one-year period begins to run on the *latest* of the following four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

_____

[1] Unless otherwise noted, citations are to docket entries in Gladding's criminal case, *United States v. Gladding*, 05-CR-6166-CJS.  All page references are to the pagination automatically generated by the Court's CM/ECF system and located in the header of each page.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Gladding pleaded guilty to counts two and five of the indictment on September 10, 2007. ECF No. 209. The judgment of conviction was entered on February 12, 2008. ECF No. 232. Gladding did not file a notice of appeal. As the Court explained in its previous order, Gladding's unappealed conviction became final fourteen (14) days after the entry of judgment on February 12, 2008—that is, on February 26, 2008. ECF No. 307 at 2.

To comply with 28 U.S.C. § 2255(f)(1), Gladding was required to file his petition on or before February 26, 2009. As the Court noted, he did not file his petition until July 25, 2023. *Id.* at 3. Because this was more than fifteen (15) years after the judgment became final, the petition is untimely under 28 U.S.C. § 2255(f)(1).

The Court has considered whether Gladding is entitled to any of the later start-dates in 28 U.S.C. § 2255(f)(2), (3), or (4). In his timeliness response, Gladding has not identified any governmental action that prevented him from filing on time, *see* 28 U.S.C. § 2255(f)(2); and he does not assert relief based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see id*. § 2255(f)(3). Therefore, the later start-dates in 28 U.S.C. § 2255(f)(2) and (3) are unavailable to him.

Under 28 U.S.C. § 2255(f)(4), "the statute of limitations period runs 'when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence . . . regardless of whether petitioner actually discovers the relevant facts at a later date.'" *Matera v. United States*, 83 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (ellipsis in original) (quoting *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). "[I]t is the [p]etitioner's burden to demonstrate why he was unable to discover the factual predicate of his claim before the date asserted." *Perez v. United States*, No. 01cr0848, 2011 WL 2471274, at *2 (S.D.N.Y. June 18, 2011) (quoting *Morton v. Ercole*, No. 08 CIV. 0252 RJSFM, 2009 WL 5251892, at *6 (S.D.N.Y. Dec. 31, 2009), *report and recommendation adopted*, No. 08 CIV. 0252 RJS FM, 2010 WL 890036 (S.D.N.Y. Mar. 10, 2010)).

In his timeliness response, Gladding sates that

> [d]ue to petitioner[']s recently received legal work sent from home he has discovered key pieces of factual evidence that brought light to newly discovered fraud.  Thus the petitioner has newly discovered this fraud, and fraud is an exception for untimely requests.

ECF No. 308 at 8.

A comparison of the timeliness response with the petition and attached exhibits[2] shows that the facts supporting the "newly discovered fraud" are the same facts alleged in support of his habeas claims.  *Compare* ECF No. 306 at 5-6, 14-22; *with* ECF No. 308 at 4-8.  In the petition, Gladding claims he is entitled to habeas relief because the extradition warrant from Connecticut was illegally and fraudulently obtained.  Thus, he

---

[2] Gladding has attached to his petition copies of the transcript of a court appearance in Connecticut, the state from which he was extradited; the federal writ of habeas corpus *ad prosequendum* directing his appearance in this District; the transcript of a court appearance in New York State County Court, Genesee County; and his request for an adjournment of his state trial until after completion of his federal trial.  ECF Nos. 306-1 through 306-4.

3

reasons, the federal and state courts in New York never had jurisdiction over him, and defense counsel failed to protect him from being prosecuted by a court that lacked jurisdiction.  In addition, he claims that defense counsel coerced him into pleading guilty to the federal charges.

In his timeliness response, Gladding has simply labeled all of the foregoing grounds for habeas relief as evidence of fraud, which he insists is a basis to excuse untimeliness under *Hazel-Atlas*, 322 U.S. 239 (1944).  *See* ECF No. 308 at 8. *Hazel-Atlas* recognized an "equitable power to vacate a judgment obtained by fraud upon the court," *Barrett v. United States*, No. 06-CV-1324, 2006 WL 3248396, at *7 (N.D.N.Y. Nov. 7, 2006) (citing *Leber-Krebs, Inc. v. Capitol Records*, 779 F.2d 895, 899 (2d Cir. 1985)), which is "not constrained by any statute of limitations."  *Torres v. Bella Vista Hosp., Inc.*, 914 F.3d 15, 17-18 (1st. Cir. 2019) (citing *Hazel-Atlas*, 322 U.S. at 244-45).  The *Hazel-Atlas* doctrine is coextensive with the "savings clause" of Rule 60 of the Federal Rules of Civil Procedure, which also does not contain a time-limit.  *See* Fed. R. Civ. P. 60(d)(3) ("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . or to set aside a judgment for fraud upon the court."); § 2870 Fraud on the Court, 11 Fed. Prac. & Proc. Civ. § 2870 (3d ed.) (Westlaw 2023).

The application before the Court is not a Rule 60(b) motion for relief from judgment; it is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  "A motion under Rule 60(b) and a [§ 2255 petition] have different objectives."  *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001).  "A § 2255 petition seeks to vacate, set aside or correct a sentence imposed by the federal court[,] while [a] motion pursuant to Rule 60(b) does not seek such relief."  *Harris v. United States*, 357 F. Supp. 2d 524, 526 (S.D.N.Y. 2005).

Instead, a Rule 60(b) motion "seeks only to vacate the federal court judgment [concerning] the prior habeas petition." *Rodriguez*, 252 F.3d at 198. Granting a Rule 60(b) motion "would not have the effect of invalidating the [federal] conviction" but "would merely reinstate the [previous] petition for habeas, opening the way for further proceedings seeking ultimately to vacate the [federal] conviction." *Id.*

Thus, "[i]f a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § 2255 petition." *Harris*, 357 F. Supp. 2d at 527. Gladding's pending application is obviously a § 2255 petition, as it relates to the integrity of his criminal proceeding in this Court and is his first habeas proceeding. Section 2255(f), unlike Rule 60(d)(3), imposes a stringent one-year period of limitations on defendants, such as Gladding, seeking to overturn their federal convictions or sentences. *See* 28 U.S.C. 28 U.S.C. § 2255(f) ("A 1-year period of limitation *shall* apply to a motion under this section.") (emphasis supplied). The Court finds that Gladding's reliance on the *Hazel-Atlas* doctrine, as codified in Rule 60(d)(3), is inapposite in this § 2255 proceeding.

Moreover, the Court has found no authority for the proposition that the *Hazel-Atlas* doctrine applies to *criminal* judgments, as opposed to civil judgments. *See*, *e.g.*, *United States v. Washington*, 549 F.3d 905, 912 (3d Cir. 2008) (stating that it was "unaware of 'any "long unquestioned" power of federal district courts' to vacate a judgment procured by fraud in the *criminal* context" (quoting *Carlisle v. United States*, 517 U.S. 416, 426 (1996)); *see also Carlisle*, 517 U.S. at 433 (holding that the district court had no authority to grant the petitioner's motion for judgment of acquittal filed one day outside the time limit prescribed by Fed. R. Crim. P. 29(c)); *United States v. Pelullo*, No. CIV. 01-124 DRD,

2011 WL 3022534, at *16 (D.N.J. July 22, 2011) (finding that "in criminal cases district courts do not have an inherent power going beyond that given by statute or [r]ule to vacate a judgment of conviction as Pelullo seeks to do here") (citing *Washington*, 549 F.3d at 912).

Even if Gladding could show applicability of the *Hazel-Atlas* doctrine, it is well settled that "'fraud upon the court' as distinguished from fraud on an adverse party [covered by Federal Rule of Civil Procedure 60(b)(3)] is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). Fraud on the court therefore "must involve more than injury to a single litigant; it is limited to fraud that 'seriously' affects the integrity of the normal process of adjudication." *Mills v. Noonan*, No. 1:06-CV-00842-MAT, 2019 WL 2361483, at *2 (W.D.N.Y. June 4, 2019) (quoting Moore's Federal Practice ¶ 60.21[4][a], at 60-55 to 60-56 & n. 19 (3d ed. 2018)); *see also Gleason*, 860 F.2d at 556 (stating that fraud on the court involves 'far more than an injury to a single litigant' because it threatens the very integrity of the judiciary and the proper administration of justice" (quoting *Hazel-Atlas*, 322 U.S. at 246)). Gladding's alleged fraud involved only a single party—him.

"Furthermore, 'relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment.'" *Mills*, 2019 WL 2361483, at *2 (quoting *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017)); *see also Hazel-Atlas*, 322 U.S. at 244 (allowing relief from judgment based on "after-discovered fraud"). The rationale behind this limitation is that issues that were, or could have been, brought to the court's attention during the original proceedings should be litigated at trial. *See Gleason*, 860 F.2d at 560 (concluding that the petitioner could not,

after the fact, claim fraud on the court based only on alleged perjury by a witness, which he could have challenged during the trial).  According to Gladding, this fraud was known to the parties even before he was extradited to New York.  *See* ECF No. 308 at 4-7.  Indeed, at Gladding's appearance in Genesee County Court on December 21, 2005, his assigned counsel argued that Gladding was not legally within the State of New York and that the federal government was required to return him to the State of Connecticut because the extradition proceeding was flawed.  *See* ECF No. 306-3 at 3-8.  Thus, the Court finds that Gladding has not demonstrated "fraud upon the court."

Assuming regular "fraud"—that is, fraud involving a single litigant—is a recognized basis to delay the start-date of the limitations period under 28 U.S.C. § 2255(f)(4), a duly diligent litigant in Gladding's position would not have needed fifteen years to discover the alleged "fraud" in connection with his extradition and guilty plea, particularly since he was present for all of the events at which the fraud supposedly occurred.  *See*, *e.g.*, *Tineo v. United States*, No. 01 CIV. 4511 (HB), 2002 WL 1997901, at *2 (S.D.N.Y. Aug. 29, 2002) (finding that the defendant "fail[ed] to provide any reasonable explanation as to why it took him more than three years to discover the facts underlying the allegations with respect to his plea allocution at which he personally attended" and denying applicability of 28 U.S.C. § 2255(f)(4)).  Moreover, Gladding admits that the documents supporting the alleged fraud were in his own "legal work" which, until "recently," had been at his home.  He therefore has not shown that he is entitled to the later start-date in 28 U.S.C. § 2255(f)(4).

The Court has considered whether Gladding's untimely petition is saved by the doctrine of equitable tolling, which is reserved for "rare and exceptional" circumstances.

*Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).  To qualify, a petitioner must demonstrate that (1) extraordinary circumstances prevented the filing of his petition on time, and (2) he acted with reasonable diligence throughout the period he seeks to toll. *Id.*

"The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 136, 137 (2d Cir. 2015).  "Attorney error generally does not rise to the level of an 'extraordinary circumstance.'"  *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (citing *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)).  Likewise, "the usual problems inherent in being incarcerated do not justify equitable tolling."  *Baldayaque*, 338 F.3d at 152.

"To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances.  He must further demonstrate that those circumstances caused him to miss the original filing deadline."  *Harper*, 648 F.3d at 137.  The necessary "causal connection" between the extraordinary circumstances and the lateness of the petition will be broken if the petitioner, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."  *Baldayaque*, 338 F.3d at 150 (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

Gladding suggests that extraordinary circumstances are evidenced by his "attorney's misconduct," namely, "counsel's ineffective assistance of counsel, and their conspiring to allow this fraud upon the Court and upon the petitioner of a false jurisdiction." ECF No. 308 at 9-10.  In other words, Gladding asserts that his attorney's failure to prevent him from being prosecuted and convicted of federal charges in this Court are

extraordinary circumstances warranting equitable tolling.  Gladding cannot demonstrate extraordinary circumstances because there is simply no causal connection between any alleged conduct by Gladding's attorney prior to trial and the filing of this *pro se* petition fifteen years after the conviction.  Significantly, Gladding did not retain his trial counsel, or any other attorney, to file a § 2255 petition on his behalf.  That makes this case wholly dissimilar to *Baldayaque*, 338 F.3d at 152, where the petitioner's representatives had retained an attorney to file a habeas petition on his behalf.  The Second Circuit found that the attorney's misconduct that was "so outrageous or so incompetent as to render it extraordinary," *id.*, where the attorney failed to file a motion to vacate despite being specifically directed by the defendant's representatives to file a "2255," did no legal research on movant's case but erroneously informed the defendant's representatives that it was too late to file a motion to vacate, never spoke to or met the defendant, and made no effort to locate the defendant after his letter to the defendant was returned.

In contrast, Gladding " did not retain an attorney who was responsible for filing the document for which he seeks to toll the statute of limitations—that is, the habeas corpus petition.  In other words, [Gladding], not his attorney, was responsible for complying with the one-year deadline."  *Samo v. Keyser*, 305 F. Supp. 3d 551, 561 (S.D.N.Y. 2018), *report and recommendation adopted*, No. 17-CV-5043(RJS), 2018 WL 4565143 (S.D.N.Y. Sept. 21, 2018).

Finally, as discussed above, Gladding has not shown reasonable diligence throughout the fifteen years for which tolling is required.  *See*, *e.g.*, *Morton*, 2009 WL 5251892, at *7 (finding that the petitioner "cannot be said to have acted with 'reasonable

diligence' throughout the period he seeks to have tolled" where he "waited nearly seven years before taking action to pursue his rights").

Because Gladding has not shown that extraordinary circumstances prevented him from filing a timely petition, and that he acted with reasonable diligence throughout the period he seeks to have tolled, he is not entitled to the application of equitable tolling. Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2255(f).

## CONCLUSION

For the foregoing reasons, the petition is untimely under 28 U.S.C. § 2255(f), and there is no basis for equitably tolling the limitations period.  The petition, ECF No. 306, therefore is DISMISSED as untimely.

Pursuant to *Slack v. McDaniel*, 529 U.S. 473 (2000), when a district court denies a § 2255 motion on procedural grounds, a certificate of appealability may issue only upon a showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.  Because it is not debatable that the petition is untimely, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court is ordered to close the related civil case, 23-CV-6421-CJS.

SO ORDERED.

Dated:      October 4, 2023
            Rochester, New York

CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE